## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

**Christos NETELKOS, a/k/a Christopher J. Nickos, Arno Arndt a/k/a Ernst Arndt, Charles Haig Gamarekian a/k/a Charles Haig, Falcon Sciences, Inc., Paul F. Donnelly, Trust and Investment, A.G., Robert I. Goodman, Defendants.**

No. 84 Civ. 0335 (SWK).

United States District Court,
S.D. New York.

Sept. 12, 1984.

Anne C. Flannery, Associate Regional Administrator, New York City, for plaintiff S.E.C.; Margaret M. McQueeney, Seth T. Taube, Arthur G. Jakoby, New York City, of counsel.

Frohling & Hanley, Newark, N.J., for defendant Falcon Sciences, Inc.; John B.M. Frohling, Newark, N.J., of counsel.

### ORDER

KRAM, District Judge.

Plaintiff, the Securities and Exchange Commission, ("SEC") has moved for a preliminary injunction against the defendant, Falcon Sciences, Inc. ("Falcon"), for alleged violations of sections 5(a) and 5(c) of the Securities Act of 1933 ("'33 Act"), 15 U.S.C. §§ 77e(a) and (c); section 17 of the '33 Act, 15 U.S.C. § 77q, and section 10(b) of the Securities Exchange Act of 1934 ("'34 Act"), 15 U.S.C. § 78j(b); section 12(g) of the '34 Act, 15 U.S.C. § 78*l* (g);

and sections 17A(c) and 17A(d) of the '34 Act, 15 U.S.C. §§ 78q–1(c) and (d). Initially, Falcon consented to the entry of the injunctions sought but subsequently that consent was withdrawn. After the consent was withdrawn, the Court held a hearing (the "Falcon hearing"), at which time the prior proceedings in this case were made part of the record.

On August 3, 1984, 592 F.Supp. 906, this Court issued a preliminary injunction against two of the individual defendants in this case, Christos Netelkos and Charles Gamarekian. Those preliminary injunctions were accompanied by lengthy findings of fact and conclusions of law, and a discussion of the activities which led to the granting of those injunctions. That Opinion and Order is hereby expressly adopted in full and is made part of this Order.

The preliminary injunctions granted as to Netelkos and Gamarekian were based largely on their activities as a controlling persons of Falcon. Consequently, the findings of fact made by this Court apply with equal force to Falcon except insofar as they relate to actions completely beyond Falcon's control. Specifically on the basis of that earlier opinion, I find that the SEC has made out a *prima facie* case that Falcon failed to disclose the roles of Gamarekian and Netelkos in the operation and management of Falcon; failed to disclose their respective histories of criminal and civil violations of the federal securities laws; misstated the nature and origin of its income; failed to make periodic filings with the SEC, as required by the federal securities laws; failed to register as a stock transfer agent; failed to keep and maintain required stock transfer records; and failed to register Falcon securities issued or transferred by Falcon, all in violation of the aforementioned provisions of the '33 and '34 Acts.

Furthermore, the evidence of the violations listed above was supplemented at the Falcon hearing. At that hearing, the SEC further demonstrated at least a prima facie case that Falcon had: overstated the amount of its revenues by almost 100%

[Hearing Transcript ("TR") pp. 843, 847–8]; failed to disclose any information about the previous acquisition of an oil company from a Mrs. Patricia Kahan, the subsequent agreement to pay Mrs. Kahan with (non-existent) Falcon preferred stock, or the litigation which resulted from Falcon's alleged breach of those agreements. [TR. pp. 793–800, 983]; failed to disclose the details of the ownership and leasing of the oil well stimulation trucks [TR. pp. 740–743]; and failed to disclose the sale (later rescinded) of certain oil leases in Texas [TR. pp. 866–68, 982]. All these failures to disclose constitute further breaches of section 10(b) of the '34 Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5.

In light of these extensive violations of the federal securities laws, and the fact that Falcon has given only token cooperation to the ongoing SEC investigation, continues to do business with the enjoined individual defendants and made only feeble attempts at demonstrating that there was even a good faith basis for its previous behavior, I further find that there is a serious likelihood that Falcon will continue to violate the federal securities laws. *Securities and Exchange Commission v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 98–100 (2d Cir.1978). Particularly serious in this regard is the fact that Falcon continues to deal with other defendants in this case, defendants whose culpability appears to exceed that of Falcon. In addition, the complete absence of any attempt at justification for the violations leads me to conclude that an affirmative safeguard is required to protect the investing public. Therefore, it is hereby

ORDERED that Falcon Sciences, Inc. is PRELIMINARY ENJOINED from violating the federal securities laws, specifically including, but not limited to, sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77e(c) and 77e(a), and sections 10(b), 17A(c) and 17A(d) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78q–1(c), and 78q–1(d).

SO ORDERED.